Justice SOTOMAYOR, concurring.
The question before the Court here is simple: whether there is a nearly per se rule against trademark protection for a "generic.com" term. See ante , at 2304 - 2305; post , at 2314 (BREYER, J., dissenting). I agree with the Court that there is no such rule, a holding that accords with how the U. S. Patent and Trademark Office (PTO) has treated such terms in the past. See ante , at 2305 (noting that the "PTO's own past practice appears to reflect no such comprehensive rule"). I add two observations.
First, the dissent wisely observes that consumer-survey evidence "may be an unreliable indicator of genericness." Post , at 2314. Flaws in a specific survey design, or weaknesses inherent in consumer surveys generally, may limit the probative value of surveys in determining whether a particular mark is descriptive or generic in this context. But I do not read the Court's opinion to suggest that surveys are the be-all and end-all. As the Court notes, sources such as "dictionaries, usage by consumers and competitors, and any other source of evidence bearing on how consumers perceive a term's meaning" may also inform whether a mark is generic or descriptive. Ante , at 2307, n. 6.
Second, the PTO may well have properly concluded, based on such dictionary and usage evidence, that Booking.com is in fact generic for the class of services at issue here, and the District Court may have erred in concluding to the contrary. But that question is not before the Court. With these understandings, I concur in the Court's opinion.